[Civ. No. 25462. Third Dist. Dec. 31, 1985.]

LARRY G. McKEE, Plaintiff and Appellant, v.
PUBLIC EMPLOYEES' RETIREMENT SYSTEM,
Defendant and Respondent.

COUNSEL

Larry G. McKee, in pro. per., for Plaintiff and Appellant.

Gerald Ross Adams and Paul M. Ryan for Defendant and Respondent.

OPINION

EVANS, J.—Plaintiff Larry G. McKee (McKee) appeals from a judgment denying a writ of mandate which sought to compel defendant, Public Employees' Retirement System (PERS), to enroll McKee in a health care program provided pursuant to the Public Employees' Retirement System. We affirm.

FACTS

McKee took office, as a superior court judge in Kings County, January 5, 1981. At the time of taking office he declined the opportunity to enroll in a health benefits plan under the Public Employees' Medical and Hospital Care Act.[1] Because of injuries he later sustained in an automobile accident, he applied for disability retirement and then attempted, for the first time, to enroll in the health benefits program by submitting a health statement to the carrier.[2] The carrier declined to act on his application. McKee was there-

---

[1] Government Code section 22751 et seq.

[2] California Administrative Code, title 2, section 599.502, subdivision (c), provides for the enrollment of an eligible employee during other than an open enrollment period as follows: "(c) Health Statement Enrollment. An eligible employee may enroll at any time while in an employment in which he or she was eligible to but did not enroll at the time specified in this subsection, and an eligible annuitant may enroll if at the time of enrollment he or she presents a certification from the carrier of the plan that his or her enrollment is acceptable under the underwriting standards of the carrier."

after granted retirement by the Commission on Judicial Performance. At the commencement of the open enrollment period after his retirement, McKee again attempted to enroll in the health benefits program. His application was rejected because he had not enrolled in a health benefits plan prior to his retirement.

On April 29, 1985, McKee filed a petition for a writ of mandate to compel PERS to enroll him in a PERS health benefits program. The court concluded that since plaintiff had not enrolled in a health benefits plan prior to his retirement, he did not then qualify for enrollment, and the petition for the writ of mandate was denied. McKee appeals the ensuing judgment.

## Discussion

McKee argues that he is eligible to enroll in the health benefits plan administered by PERS without having been previously enrolled during his employment.

Health insurance is made available to state employees pursuant to the provisions of the Public Employees' Medical and Hospital Care Act (the Act). Government Code section 22771 delegates the administration of the program to the Board of Administration of the Public Employees' Retirement System (the Board). Coverage under the Act is restricted to employees and annuitants. (Gov. Code, § 22810.) For the purposes of the Act, an "annuitant" is any person who retired within 120 days of separation from employment and who receives any retirement allowance under any state or University of California retirement system to which the state was a contributing party. (Gov. Code, § 22754, subd. (e)(1).)

With respect to the eligibility of annuitants to enroll, section 22810 of the Government Code provides, in relevant part, as follows: "Any annuitant who, at the time he became an annuitant *was enrolled in a health benefits plan,* may continue his enrollment as provided by regulations of the board, without discrimination as to premium rates or benefit coverage." (Italics added.) The Act does not authorize enrollment of an annuitant in a health plan for the first time after becoming an annuitant.

The regulations of PERS interpreting and implementing the Act are contained in California Administrative Code, title 2, section 599.500 et seq.[3] Section 599.501 provides that each employee or annuitant is eligible to be enrolled in a health benefits plan at the times and under the conditions

---

[3]All further references are to title 2 of the California Administrative Code unless otherwise noted.

prescribed in the regulations. The scheme of the regulations that follow requires that for one to be enrolled in a health benefits plan, he must do so as an employee, and within the time limits specified.

Normally, an eligible employee must enroll in a health benefits plan no later than his or her 60th calendar day of employment. (See also § 599.502, subds. (b), (d), and (f), which set forth specific times for taking action with respect to enrollment.)

The only eligibility rules prescribed for annuitants are contained in section 599.502, subdivision (d)(5) and (6). Those paragraphs, however, relate to the re-enrollment of an annuitant whose previous enrollment terminated for specified reasons.

Section 599.502, subdivision (e), provides for an open enrollment period as follows: "(e) The Board will, at least once every three years, provide every employee and annuitant *previously enrolled or eligible to enroll* or continue enrollment an opportunity for enrollment, and every enrolled employee and annuitant an opportunity for change of enrollment, on such terms and conditions as it may prescribe." (Italics added.)

■ We consider McKee's assertion that he is eligible to enroll in a health benefits plan against this statutory and regulatory framework.

Nothing in the Act makes an annuitant not enrolled in a health benefits plan prior to retirement eligible to enroll in a plan for the first time after retirement. Indeed, section 22810 of the Government Code suggests that one must enroll in a health benefits plan prior to retirement in order to continue enrollment as an annuitant.

Furthermore, between 1972 and 1983, six bills were introduced in the Legislature seeking to authorize enrollment of annuitants who retire from state service who had not previously enrolled in a health benefits plan at the time of retirement.[4] Four of these measures failed passage; two, Assembly Bill No. 1028, 1972 Regular Session, and Assembly Bill No. 609, 1983-1984 Regular Session, were passed by the Legislature but vetoed by the Governor.

---

[4]Assembly Bill No. 1028, 1972 Regular Session; Assembly Bill No. 261, 1973-1974 Regular Session; Assembly Bill No. 131, 1979-1980 Regular Session, amended by the Assembly on February 28, 1979; Assembly Bill No. 2483, 1979-1980 Regular Session, amended by the Assembly on April 7, 1980; Assembly Bill No. 594, 1981-1982 Regular Session, amended by the Assembly on April 1, 1981; and Assembly Bill No. 609, 1983-1984 Regular Session.

McKee argues, however, that section 599.501 must be construed as making him eligible to enroll, since he is not among those specifically excluded by that section. That section provides that a person is eligible to be enrolled in a health benefits plan at the times and under the conditions prescribed in the regulations. Since nothing that follows relates to the enrollment of an annuitant in McKee's position, we conclude he is not eligible.

McKee nevertheless presents a bootstrap contention that since the Board has directed itself in section 599.502, subdivision (e), to provide an enrollment opportunity at least once every three years to every employee and annuitant *eligible* to enroll, it must provide him with such an opportunity. He is wrong. The Board's duty pursuant to that section is limited to providing the opportunity to enroll to eligible persons. It does not purport to require the Board to make eligible those persons who were not otherwise eligible. No provision of either the Act or the regulations makes McKee eligible to enroll in a health benefits plan.

The Board is without power to enlarge the scope of the Act to make one in McKee's position eligible to enroll in a health benefits plan; such action lies in the Legislature, and it has not chosen to act at this time.

Since McKee was not enrolled in a health benefits plan prior to his retirement, he is not eligible to be enrolled in such a plan as an annuitant.[5]

The judgment is affirmed.

Puglia, P. J., and Carr, J., concurred.

---

[5]Since we have concluded that the Board has no duty to enroll McKee in a health benefits plan, we need not consider whether the doctrine of laches bars the issuance of the writ of mandate in this case.