Filed 2/26/13  Peck v. City of Hawthorne CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| HOLLY PECK et al.,<br><br>    Plaintiffs and Appellants,<br><br>    v.<br><br>THE CITY OF HAWTHORNE,<br><br>    Defendant and Respondent. | B236442<br><br>(Los Angeles County<br>Super. Ct. No. BC444994) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Mel Red Recana, Judge.  Affirmed.

Abrolat Law, Nancy L. Abrolat and Edward E. Kim for Plaintiffs and Appellants.

Liebert Cassidy Whitmore, Jeffrey C. Freedman and Kevin W. Chiang for Defendant and Respondent.

_____

## INTRODUCTION

Plaintiffs Holly Peck, Daniel Mills and Kathy Burnett, individually and on behalf of others similarly situated, appeal from a judgment of dismissal in favor of defendant The City of Hawthorne entered after the trial court sustained defendant's demurrer without leave to amend. The trial court sustained the demurrer on the ground the Public Employees Medical Care and Hospitalization Act (PEMCHA, Gov. Code, § 22751 et seq.) provided no private right of action. We affirm.

## FACTS

Plaintiffs were employed by defendant. As public employees, they were entitled to enroll in health insurance plans through the Public Employees Retirement System (PERS).

Under PEMCHA, the amount plaintiffs were to pay for the health insurance plans was the total cost of coverage less the amount paid by defendant as their employer. That amount was specified by statute.

Defendant failed to make the required payments toward the cost of plaintiffs' health insurance coverage. Instead, it deducted the entire cost from plaintiffs' paychecks, without their consent.

## DISCUSSION

On appeal from a judgment dismissing an action following the sustaining of a demurrer, we apply the de novo standard of review. (*Gerawan Farming, Inc. v. Lyons* (2000) 24 Cal.4th 468, 515.) "We assume the truth of the allegations in the complaint, but do not assume the truth of the contentions, deductions, or conclusions of law." (*California Logistics, Inc. v. State of California* (2008) 161 Cal.App.4th 242, 247.) We

review de novo "whether the complaint states facts sufficient to constitute a cause of action." (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.)

As the trial court found, the question whether a statute provides a private right of action is a question of law, which may be decided on demurrer. (See *Moradi-Shalal v. Fireman's Fund Ins. Companies* (1988) 46 Cal.3d 287, 313; *Animal Legal Defense Fund v. Mendes* (2008) 160 Cal.App.4th 136, 139.) This question "is primarily one of legislative intent." (*Animal Legal Defense Fund*, *supra*, at p. 142.) If the statute expresses an intent on the matter, we are bound by that intent. (*Ibid*.) If no intent is expressed, there is no private right of action unless required by "compelling reasons of public policy." (*Id*. at pp. 142, 144.)

Government Code section 22890[1] requires a contracting agency and an employee to "contribute a portion of the cost of providing the benefit coverage afforded under the health benefit plan" in which the employee is enrolled. Section 22892 sets forth the minimum employer contribution to the cost of the employee's health insurance coverage. The trial court found "that the Legislature neither directly nor impliedly intended for [section] 22892 to provide a private right of action," and the remedy for a failure to comply with section 22892 is a petition for writ of mandate under Code of Civil Procedure section 1085 (see, e.g., *Bernard v. City of Oakland* (2012) 202 Cal.App.4th 1553, 1558; *McKee v. Public Employees' Retirement System* (1985) 176 Cal.App.3d 1054, 1056; *California Correctional Officers' Assn. v. Board of Administration* (1978) 76 Cal.App.3d 786, 789).

Plaintiffs first contend that the trial court failed to perform a proper analysis in determining PEMCHA did not create a private right of action for violation of section 22892. Inasmuch as we review the question de novo, we need not be concerned with the trial court's method of analysis.

---

[1] All further statutory references are to the Government Code unless otherwise identified.

3

Plaintiffs do not argue that the Legislature expressed the intent to create a private right of action under section 22892. Rather, they argue that "compelling reasons of public policy" (*Animal Legal Defense Fund v. Mendes*, *supra*, 160 Cal.App.4th at p. 142) require that public employees be given a private right of action to enforce section 22892. They rely primarily on the fact that PEMCHA was enacted as "an urgency statute necessary for the immediate preservation of the public peace, health, or safety within the meaning of Article IV of the Constitution and shall go into immediate effect." (Stats. 2004, ch. 69, § 41, p. 435.) However, the enacting legislation went on to state that "[t]he facts constituting the necessity are: [¶] In order to facilitate the orderly administration of public retirement systems subject to this act at the earliest possible time, it is necessary that this act take effect immediately." (*Ibid*.)

Nothing in the Legislature's stated intent for enacting PEMCHA as an urgency statute suggests the existence of a compelling public policy requiring enforcement of its provisions by private right of action. The stated intention of the legislation was not to remedy an evil directly affecting public employees; it was an administrative measure.

Plaintiffs rely on *Goehring v. Chapman University* (2004) 121 Cal.App.4th 353 in support of their argument. *Goehring* involved Business and Professions Code section 6061, a provision of the State Bar Act, which requires unaccredited law schools to provide students with disclosure statements containing information regarding the school's unaccredited status, its bar passage rate, and other pertinent facts. The section also provides that if the school does not comply with the disclosure requirements, it must make a full refund of the fees paid by the students. Based on the refund requirements, the court held that since "the Legislature unquestionably intended to bestow students or former students with individual monetary claims, it must have intended to give them private rights of action to pursue such claims. In our view, [Business and Professions Code] section 6061's refund language explicitly denotes a private right of action." (*Goehring*, *supra*, at pp. 377-378.)

Plaintiffs argue that "by enacting PEMCHA, the Legislature similarly granted every qualifying public employee the right to monetary contribution from his or her

4

public employer toward health insurance premiums. Consequently, the Legislature must have intended a means by which monies which were due but unpaid could be recovered." But unlike Business and Professions Code section 6061, nothing in section 22892 suggests an individual right to recover if the public employer fails to pay its contribution toward employee health insurance coverage. Rather, the focus of section 22892 is setting the amounts which the employer must pay.

Plaintiffs also assert that a writ of mandate is not a remedy for violation of section 22892, in that payment of employer contributions to employee health insurance coverage is not a ministerial duty to which Code of Civil Procedure section 1085 applies. As previously noted, petitions for writ of mandate previously have been used to raise claims under PEMCHA, and those claims have not been rejected on the ground mandate was not an appropriate remedy. (See, e.g., *Bernard v. City of Oakland*, *supra*, 202 Cal.App.4th at p. 1558; *McKee v. Public Employees' Retirement System*, *supra*, 176 Cal.App.3d at p. 1056; *California Correctional Officers' Assn. v. Board of Administration*, *supra*, 76 Cal.App.3d at p. 789.)

Mandate is an appropriate means for compelling a public official to perform an official act that is required by law. (*Common Cause v. Board of Supervisors* (1989) 49 Cal.3d 432, 442.) It generally will lie only to compel the public official's performance of a duty which is purely ministerial in nature. (*Transdyn/Cresci, JV v. City and County of San Francisco* (1999) 72 Cal.App.4th 746, 752.) "A ministerial duty is an obligation to perform a specific act in a manner prescribed by law whenever a given state of facts exists, without regard to any personal judgment as to the propriety of the act. [Citation.]" (*People v. Picklesimer* (2010) 48 Cal.4th 330, 340.) Mandate also is "available to 'correct those acts and decisions of administrative agencies which are in violation of law . . . .' [Citation.]" (*Transdyn/Cresci, JV*, *supra*, at p. 752.)

As noted in *Bernard v. City of Oakland*, *supra*, 202 Cal.App.4th at page 1560, if a public employer chooses to contract with PERS, it must comply with section 22892's requirement that it make specified minimum payments toward the employee's health

insurance coverage. This is the essence of a ministerial duty—a duty to act when a given factual situation exists. (*People v. Picklesimer*, *supra*, 48 Cal.4th at p. 340.)

Plaintiffs argue that the acts required here are not ministerial, in that "the trial court must calculate the amounts that are owed to each claimant and direct [defendant] to pay that amount." Plaintiffs are incorrect. Defendant's duty to pay its employees the amount "prescribed by law" is a ministerial duty. (*People v. Picklesimer*, *supra*, 48 Cal.4th at p. 340.) Consequently, mandate is appropriate to remedy defendant's failure to comply with section 22892's minimum payment requirements.[2]

## DISPOSITION

The judgment is affirmed. Defendant is to recover costs on appeal.

JACKSON, J.

We concur:

PERLUSS, P. J.

ZELON, J.

---

[2] We take judicial notice of the fact that plaintiffs did file a petition for writ of mandate seeking the same relief sought in this action. (*Peck v. The City of Hawthorne* (Super. Ct. L.A. County, No. BS130349), filed Apr. 22, 2011.)

6